IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03815-RMR-STV

WILLIAM D. EMERSON II,

    Plaintiff,

v.

ALLIANCE FOR SUSTAINABLE ENERGY, LLC, a Delaware foreign limited liability company,

    Defendant.

---

**DEFENDANT ALLIANCE FOR SUSTAINABLE ENERGY, LLC'S UNOPPOSED MOTION FOR LEAVE TO RESTRICT (LEVEL 1) ACCESS TO EXHIBITS 2, 14, 16, 17, 19, 20, 21, 22, 27, 28, AND 29 TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Defendant Alliance for Sustainable Energy, LLC ("Alliance") moves this Court under D.C.COLO.L.CivR 7.2 to restrict public access (level 1), to its Exhibits 2, 14, 16, 17, 19, 20, 21, 22, 27, 28, and 29 to its Motion for Summary Judgment filed on October 22, 2021. In support of this Motion, Alliance states as follows:

    1.    Pursuant to D.C.COLO.L.CivR 7.1, undersigned counsel conferred with counsel for Plaintiff William D. Emerson II, who does not oppose Alliance's requested relief.

    2.    On March 3, 2021, this Court entered a Protective Order (Dkt. 17). The Protective Order allows the parties to designate documents disclosed as part of discovery as CONFIDENTIAL. (Dkt. 17, ¶ 6).

    3.    As part of its Motion for Summary Judgment, Alliance desires to file with the Court the following: Exhibits 2, 14, 16, 17, 19, 20, 21, 22, 27, 28, and 29 that either relate to

personnel not a party to the litigation, Alliance's internal investigation or documents relating to Alliance's Involuntary Separation Process are properly designated as CONFIDENTIAL under the terms of the Stipulated Protective Order (Dkt. 17, ¶ 7) because the materials involve personnel not a party to the litigation.

4. According to D.C.COLO.LCivR 7.2(a), the policy of the Court is that "[u]nless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings." In addition, under D.C. COLO.LCivR 7.2(c), a motion to restrict public access to documents filed with the Court must: (1) identify the documents for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.

5. Alliance is seeking Level 1 restriction regarding these exhibits because they involve non-parties to this litigation, Alliance's internal investigation or documents relating to Alliance's Involuntary Separation Process ("ISP").

6. Injury would result by allowing the exhibits to be filed publicly. Alliance's human resources file and other documents containing information about employees other than the plaintiff in this matter are considered by Alliance to be confidential and not for the public domain. Such documents would expose personnel and other information about non-parties to this litigation, including both employees and candidates for employment at Alliance. The information contained in the exhibits include, among other things, third-parties' ages, skills,

qualifications, desired salary ranges and other private information. Additionally, should Alliance's internal investigation notes become public, employees of Alliance in the future may be hesitant or refuse to reveal information that Alliance needs in order to investigate a complaint. Furthermore, the exhibits could potentially be used against Alliance in other actual or threatened litigation or for other use by third parties in a manner that could affect Alliance's business position, particularly regarding sensitive documents relating to the ISP at issue in this case.

7. Under these facts, Alliance believes that the requirements of D.C.COLO.LCivR 7.2 have been met and requests its submission of Exhibits 2, 14, 16, 17, 19, 20, 21, 22, 27, 28, and 29 to its Motion for Summary (Dkt. 26) should now be put under seal as "Restriction Level 1."

WHEREFORE, Alliance respectfully requests that the Court direct the Clerk to place Exhibits 2, 14, 16, 17, 19, 20, 21, 22, 27, 28, and 29 (Dkts. 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, and 37) under Restriction Level 1 pursuant to D.C.COLO.L.CivR 7.2, limited access thereto to the Parties and the Court.

A proposed Order is submitted for the Court's convenience.

Dated this 22md day of October, 2021.

Respectfully submitted,

*/s/ Ashley W. Jordaan*
Ashley W. Jordaan
HUSCH BLACKWELL LLP
1801 Wewatta St., Suite 1000
Denver, CO  80202
Telephone:   303-749-7200
Facsimile:   303-749-7272
Ashley.Jordaan@huschblackwell.com
**Attorneys for Defendant Alliance for Sustainable Energy, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2021, I electronically filed the foregoing **DEFENDANT ALLIANCE FOR SUSTAINABLE ENERGY, LLC'S UNOPPOSED MOTION FOR LEAVE TO RESTRICT (LEVEL 1) ACCESS TO EXHIBITS 2, 14, 16, 17, 19, 20, 21, 22, 27, 28, AND 29 TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Charlotte N. Sweeney
Ariel B. DeFazio
Sweeney & Bechtold, LLC
650 S. Cherry St., Ste. 700
Denver, CO 80246
E-mail:   cnsweeney@sweeneybechtold.com
         abdefazio@sweeneybechtold.com


　　　　　　　　　　　　　　　　　　　　　/s/ Aileen P. Thead
　　　　　　　　　　　　　　　　　　　　　Legal Support Team Specialist